UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARTIN GROINS, | |
| Plaintiff, | Civ. No. 17-11632 (PGS-TJB) |
| v. | |
| SCOTT B. WHEELER, et al., | OPINION |
| Defendants. | |

**PETER G. SHERIDAN, U.S.D.J.**

## I. INTRODUCTION

This matter comes before the Court on Defendants SCO B. Wheeler and Lt. Joseph Bundy's motion to dismiss Plaintiff Martin Groins' complaint. (ECF No. 6). For the following reasons, the motion is granted. The complaint is dismissed without prejudice, and Plaintiff may move to amend his complaint.

## II. BACKGROUND

Petitioner is currently incarcerated in New Jersey State Prison ("NJSP"), Trenton, New Jersey. He filed a complaint in Mercer County Superior Court, which defendants removed to federal court on November 15, 2017. (ECF No. 1).

According to the Complaint, Plaintiff resided in NJSP's housing unit 2A near another inmate, Michael Martin. Compl. ¶ 3. On November 25, 2016, Plaintiff witnessed several officers go into Martin's cell and escort him off of the unit. *Id.* ¶ 4. After Martin left, Plaintiff saw more officers arrive and begin to "loot[] the content of the cell. They were on a destruction mission." *Id.* ¶ 7. Plaintiff alleges he saw officers take "books, sneakers, clothing and other things of value

in large plastic bags and walk[] off the block with them." *Id.* ¶ 8. He also claims the officers "placed legal materials, food, photo's [sic], cosmetics and other things of value in the trash barrel." *Id.* ¶ 9. Many officers, including SCO Wheeler, went in and out of Martin's cell throughout the day removing boxes of property. *Id.* ¶¶ 11-13. Martin's property was placed in the office unit, and was later searched and removed on November 30, 2016. *Id.* ¶¶ 14-15.

In December 2016, Plaintiff filed a certification attesting to the above happenings in a lawsuit filed by Martin. *Id.* ¶ 16. *See also Martin v. State of New Jersey*, No. 16-3449 (D.N.J. filed June 15, 2016).[1] He alleges SCO Wheeler and Lt. Bundy retaliated against him as a result of submitting the certification. Compl. ¶ 18.

Prior to the date of the search of Martin's cell, Plaintiff had a job as a barber in the close custody unit in which he was paid $75 per month. *Id.* ¶¶ 19-20. He also had an air conditioned, single cell. *Id.* ¶ 21. Plaintiff alleges that SCO Wheeler and Lt. Bundy had him removed from the housing unit on December 4, 2016. *Id.* ¶ 22. He states he was removed from his job on January 12, 2017. *Id.* ¶ 24. He also alleges that his legal material was in Martin's cell as Martin was a paralegal. Plaintiff alleges defendants seized and destroyed his legal materials, causing him to be denied access to the court as a result. *Id.* ¶ 29.

After removing this lawsuit from state court, defendants filed their motion to dismiss on January 19, 2018. (ECF No. 6). Plaintiff filed written opposition. (ECF No. 12). The Court conducted oral argument on April 18, 2018, at which time Plaintiff appeared by telephone.

---

[1] The Court takes judicial notice of this public record.

### III. LEGAL STANDARDS

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted). "[A] complaint's allegations of historical fact continue to enjoy a highly favorable standard of review at the motion-to-dismiss stage of proceedings." *Id.* at 790.

### IV. DISCUSSION

Plaintiff raises access to the courts and retaliation claims. Defendants argue Plaintiff has failed to allege constitutional violations and to allege personal involvement. Plaintiff urged the Court both in his written opposition and during oral argument to conduct discovery into

defendants' action, specifically by reviewing a report of the search of Martin's cell generated by the Special Investigations Division at NJSP.

**A. Access to the Courts**

Access to the courts claims fall into two general categories. "In the first are claims that systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time." *Christopher v. Harbury*, 536 U.S. 403, 413 (2002). "The second category covers claims not in aid of a class of suits yet to be litigated, but of specific cases that cannot now be tried (or tried with all material evidence), no matter what official action may be in the future. The official acts claimed to have denied access may allegedly have caused the loss or inadequate settlement of a meritorious case." *Id.* at 413–14. "The ultimate object of these sorts of access claims, then, is not the judgment in a further lawsuit, but simply the judgment in the access claim itself, in providing relief obtainable in no other suit in the future." *Id.* at 414.

It is not entirely clear from the face of the complaint what kind of access claim Plaintiff intends to pursue.[2] Regardless, Plaintiff's complaint lacks sufficient factual basis to state a claim. The complaint itself does not contain any information about what "legal materials" were allegedly seized and destroyed by defendants and what claims Plaintiff is unable to pursue as a result. "[T]he claim must relate to either a direct or collateral challenge to the prisoner's sentence or conditions of confinement." *Henry v. Moore*, 500 F. App'x 115, 117 (3d Cir. 2012) (per curiam). *See also Monroe v. Beard*, 536 F.3d 198, 205–06 (3d Cir. 2008) (noting that the complainant "must describe the underlying arguable claim well enough to show that it is 'more than mere hope'"). In *Monroe*, the Third Circuit concluded that an allegation "rest[ing] solely on

---

[2] Plaintiff asserted more facts during oral argument; but those facts are not set forth in the Complaint. On a motion to dismiss, the Complaint controls.

the ground that the defendants confiscated ... legal materials, contraband and non-contraband alike" was insufficient to state a claim. *Id.* at 206. If Plaintiff is alleging that he has completely lost the ability to pursue his legal claim and seeks monetary damages, his complaint must allege facts suggesting he "suffered an 'actual injury'—that [he] lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that [he has] no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Id.* at 205.

The Court will dismiss this claim without prejudice as Plaintiff has not stated enough facts in his complaint. He may file an amended complaint on or before June 4, 2018.

**B. Retaliation**

To allege a retaliation claim, Plaintiff must provide facts suggesting that "(1) he engaged in a constitutionally protected activity; (2) he suffered, at the hands of a state actor, adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the protected activity was a substantial or motivating factor in the state actor's decision to take adverse action." *Fantone v. Latini*, 780 F.3d 184, 191 (3d Cir. 2015), *as amended* (Mar. 24, 2015) (citing *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)). Plaintiff alleges that SCO Wheeler and Lt. Bundy had him removed from his air-conditioned housing unit on December 4, 2016. He also states he was removed from his job on January 12, 2017 as a direct result of participating in Michael Martin's lawsuit. Compl. ¶¶ 22-24.

"As a threshold matter, a prisoner-plaintiff in a retaliation case must prove that the conduct which led to the alleged retaliation was constitutionally protected." *Rauser*, 241 F.3d at 333. Filing lawsuits is a constitutionally-protected activity; presumably providing a certification in support of another inmate's lawsuit is equally protected under the First Amendment. *See*

5

*Wisniewski v. Fisher*, 857 F.3d 152, 156–57 (3d Cir. 2017); *Newman v. Beard*, 617 F.3d 775, 781 (3d Cir. 2010) ("[I]t is settled law that an inmate 'retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.'" (quoting *Pell v. Procunier*, 417 U.S. 817, 822 (1974))). For purposes of the motion to dismiss, the Court presumes Plaintiff was engaging in constitutionally protected activities.

Defendants argue Plaintiff has not sufficiently pled a causal link between the protected activity and alleged retaliatory actions. "To establish the requisite causal connection a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). Plaintiff alleges he was moved from his housing unit on December 4, 2016. Compl. ¶ 22. Plaintiff's affidavit in support of Martin's lawsuit was not filed with the Court until December 12, 2016. *See* Motion for Preliminary Injunction, *Martin v. State of New Jersey*, No. 16-3449 (D.N.J. Dec. 12, 2016), (ECF No.11 at 27).[3] Therefore, Plaintiff was moved from the housing unit before he filed his affidavit in support of Martin's lawsuit. Plaintiff specifically ties the retaliatory actions to "providing a certification/affidavit on behalf of Michael Martin in a matter pending in the United States District Court for the District of New Jersey." Compl. ¶ 25. He has

---

[3] The Court may take judicial notice of the filing date of Plaintiff's certification because it is a public record. *See Zedonis v. Lynch*, 233 F. Supp. 3d 417, 422 (M.D. Pa. 2017) ("[J]udicial opinions and docket sheets are public records, of which this court may take judicial notice in deciding a motion to dismiss." (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993))).

not plausibly pled a link between the protected activity and an allegedly retaliatory action that took place before the protected activity.

The link between the protected activity and the loss of Plaintiff's prison job is more suggestive. Plaintiff was fired one month after the protected activity, and the Third Circuit has previously held that "the termination of prison employment constitutes adverse action sufficient to deter the exercise of First Amendment rights, satisfying the second element of a retaliation claim at this stage of the litigation." *Wisniewski*, 857 F.3d at 157. *See also Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000) (holding placing plaintiffs lower on promotion ranking lists in retaliation for the exercise of their First Amendment free speech rights was sufficiently adverse to state a claim for retaliation).

However, Plaintiff has not provided enough facts in his complaint to plausibly suggest defendants were personally involved with the decision to remove him from his employment. "A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . ." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiff does not allege defendants were aware of his participation in Martin's lawsuit, nor does he allege that they somehow directly had him removed from his job as a barber. His complaint only states that he "was removed from [his] Institutional job assignment as the B-Unit barber." Compl. ¶ 24. There are no facts supporting his claim that defendants decided to have Plaintiff removed from his job because of Plaintiff's participation in Martin's lawsuit. His vague allegation that defendants participate in unspecified unconstitutional practices and conduct are not enough to support personal involvement. Plaintiff's opposition alleges that personal involvement is alleged through "personal direction and actual knowledge and acquiescence," (ECF No. 12 at 12), but there are no facts in the complaint to support this assertion. *See Rode*, 845 F.2d at 1207 ("Allegations of

7

participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.").

As Plaintiff may be able to provide the facts necessary to correct the deficiencies identified by the Court, he may amend his complaint by June 4, 2018.

## V. CONCLUSION

For the reasons stated above, the motion to dismiss is granted. The complaint is dismissed without prejudice, and Plaintiff may amend his complaint on or before June 4, 2018.

An appropriate order follows.

DATED: ~~April 23~~ May 3, 2018

_____
PETER G. SHERIDAN, U.S.D.J.