NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN GOINS,[1]

    Plaintiff,

v.

SCO B. WHEELER, et al.,

    Defendants.

Civ. No. 17-11632 (PGS-TJB)

MEMORANDUM

**PETER G. SHERIDAN, U.S.D.J.**

This matter comes before the Court on Defendants SCO B. Wheeler's and Lt. Joseph Bundy's motion to dismiss Plaintiff Martin Goins' amended complaint. (ECF No. 19). For the following reasons, the motion is granted in part. Plaintiff's complaint will be permitted to proceed only on his retaliation claims. His access to the courts claims will be dismissed without prejudice.

**I.**

Plaintiff is currently a prisoner at New Jersey State Prison ("NJSP") in Trenton, New Jersey. He filed a complaint in Mercer County Superior Court against SCO B. Wheeler and Lt. Brady, who removed the complaint to federal court on November 15, 2017. (ECF No. 1 ¶ 2). Defendants filed a motion to dismiss, which the Court granted on May 15, 2018. (ECF No. 14). Plaintiff filed an amended complaint with leave of Court on July 23, 2018. (ECF No. 18).

---

[1] Plaintiff's name appears to be improperly spelled as "Groins" on the docket. The Court will direct the Clerk to correct the error.

Plaintiff alleges a pattern and practice of retaliation by corrections officers at NJSP against inmates who engage in constitutionally protected activity. According to the Amended Complaint, a fraudulent disciplinary report was written against Plaintiff's neighbor, inmate Michael Martin. Amended Compl. ¶ 10. Martin filed grievances against Wheeler after Wheeler denied Martin a work shower. *Id.* Wheeler thereafter filed false disciplinary charges against Martin, resulting in Martin being found guilty. *Id.* ¶¶ 11-12. The charges were dismissed by the New Jersey Superior Court, Appellate Division, and the Appellate Division awarded Martin costs. *Id.* ¶ 13. Due to the legal action against them, Defendants searched Martin's cell on November 25, 2016. Because Martin was an inmate paralegal at NJSP, Martin had legal documents belonging to Plaintiff in his cell. *Id.* ¶¶ 15-16. Plaintiff alleges he saw officers take "books, sneakers, clothing and other things of value in large plastic bags and walk[] off the block with them." *Id.* ¶ 18. He also claims the officers "placed legal materials, food, photo's [sic], cosmetics and other things of value in the trash barrel." *Id.* ¶ 19. Many officers, including SCO Wheeler, went in and out of Martin's cell throughout the day removing boxes of property until about 9:20 p.m. *Id.* ¶¶ 21-23. An officer under Wheeler's direction returned to Martin's cell on November 30. *Id.* ¶ 24. Plaintiff provided a written statement attesting to the circumstances of the search to Martin on November 30, 2016 for use at Martin's disciplinary proceedings. *Id.* ¶¶ 26-27. Plaintiff also provided a statement for use in an Appellate Division proceeding and a federal lawsuit pending before Judge Wolfson, *Martin v. State of New Jersey*, No. 16-3449 (D.N.J. filed June 15, 2016). *Id.* ¶ 29.

Plaintiff alleges that Wheeler and Bundy began targeting him when he provided the first statement on November 30, 2016. *Id.* ¶ 30. Prior to submitting the certifications on Martin's behalf, Plaintiff had a job as a barber in the close custody unit in which he was paid $75 per

month. *Id.* ¶¶ 34-35. He also had an air-conditioned, single cell. *Id.* ¶ 36. Plaintiff alleges that SCO Wheeler and Lt. Bundy had him removed from the housing unit on December 4, 2016 and from his job on January 12, 2017. *Id.* ¶¶ 37-39. He also claims the retaliation is "generally directed toward African American men." *Id.* ¶ 38. Plaintiff values his legal material at $5500. *Id.* ¶ 42. He claims this material was destroyed and that it had been "related to evidence being used to advance a challenge in a collateral challenge to Plaintiff's criminal conviction." *Id.* ¶¶ 43-44. He states he is now unable to challenge his criminal conviction.

The Amended Complaint has four claims: access to the courts for the destruction of his legal material (Count One); the destruction of his legal material in violation of the New Jersey Constitution (Count Two); retaliation (Count Three), and; retaliation in violation of the New Jersey Constitution (Count Four).[2]

The Court conducted oral argument on September 4, 2018. Plaintiff submitted written opposition to the motion, (ECF No. 22), and appeared at oral argument by telephone.

## II.

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires

---

[2] "The New Jersey Civil Rights Act (hereinafter "NJCRA") was modeled after 42 U.S.C. § 1983, and creates a private cause of action for violations of civil rights secured under the New Jersey Constitutions. . . . This district has repeatedly interpreted NJCRA analogously to § 1983." *Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443 (D.N.J. 2011) (citing cases).

3

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted). "[A] complaint's allegations of historical fact continue to enjoy a highly favorable standard of review at the motion-to-dismiss stage of proceedings." *Id.* at 790.

## III.

Plaintiff raises access to the courts and retaliation claims. Defendants argue Plaintiff has failed to allege constitutional violations and to allege personal involvement. Plaintiff urged the Court both in his written opposition and during oral argument to conduct discovery into defendants' action, specifically by reviewing a report of the search of Martin's cell generated by the Special Investigations Division ("SID") at NJSP.

### A. Access to the Courts

Access to the courts claims fall into two general categories. "In the first are claims that systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time." *Christopher v. Harbury*, 536 U.S. 403, 413 (2002). "The second category covers claims not in aid of a class of suits yet to be litigated, but of specific cases that cannot now be tried (or tried with all material evidence), no matter what official action may be in the future. The official acts claimed to have denied access may allegedly have caused the loss or inadequate

settlement of a meritorious case." *Id.* at 413–14. "The ultimate object of these sorts of access claims, then, is not the judgment in a further lawsuit, but simply the judgment in the access claim itself, in providing relief obtainable in no other suit in the future." *Id.* at 414.

Plaintiff is pursuing this second type as he alleges that Defendants destroyed his legal materials, and he cannot pursue his post-conviction relief without this exculpatory evidence. The face of the complaint does not contain enough factual information to state an access to the court claim. The complaint does not contain any information whatsoever about what "legal materials" were allegedly seized and destroyed by Defendants and what claims Plaintiff is unable to pursue as a result. Plaintiff only states that the materials were "related to evidence being used to advance a challenge in a collateral challenge to Plaintiff's criminal conviction." Amended Compl. ¶¶ 43-44. There are no facts about what the evidence was, what kind of challenge Plaintiff was intending to mount, etc.[3] An access to the court complaint "must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Monroe v. Beard*, 536 F.3d 198, 205–06 (3d Cir. 2008) (quoting *Christopher*, 536 U.S. at 416-17). *See also Monroe v. Superintendent Coal Twp. SCI*, 597 F. App'x 109 (3d Cir. 2015) (affirming dismissal of access claim where plaintiff did not specifically allege how destroyed legal materials would have been used in post-conviction relief motion).

Even accepting all of the facts in the complaint as true, the face of the complaint does not state a valid access to the courts claim. Counts One and Two are dismissed without prejudice.

## B. Retaliation

To allege a retaliation claim, Plaintiff must provide facts suggesting that "(1) he engaged in a constitutionally protected activity; (2) he suffered, at the hands of a state actor, adverse

---

[3] Plaintiff elaborated at oral argument, but as the Court noted then its decision here is based strictly on the face of the complaint.

5

action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the protected activity was a substantial or motivating factor in the state actor's decision to take adverse action." *Fantone v. Latini*, 780 F.3d 184, 191 (3d Cir. 2015), *as amended* (Mar. 24, 2015) (citing *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)).

Plaintiff alleges that SCO Wheeler and Lt. Bundy had him removed from his air-conditioned housing unit on December 4, 2016 and from his job on January 12, 2017 as a direct result of providing certifications in support of Michael Martin's disciplinary action, Appellate Division action, and federal lawsuit. Construing the complaint liberally and giving Plaintiff the benefit of all reasonable inferences, Plaintiff has sufficiently pled retaliation claims against Defendants. The complaint shall proceed on Counts Three and Four. Filing lawsuits is a constitutionally-protected activity; presumably serving as a witness in another inmate's lawsuit is equally protected under the First Amendment. *See Wisniewski v. Fisher*, 857 F.3d 152, 156–57 (3d Cir. 2017); *Newman v. Beard*, 617 F.3d 775, 781 (3d Cir. 2010) ("[I]t is settled law that an inmate 'retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.'" (quoting *Pell v. Procunier*, 417 U.S. 817, 822 (1974))); *Shehee v. City of Wilmington*, 67 F. App'x 692, 694 (3d Cir. 2003) (deposition testimony was protected speech). *See also* 42 U.S.C. § 1985(2) (prohibiting conspiracy by two or more persons to intimidate or threaten any witness from giving full, free, and truthful testimony in a pending matter or to injure such a witness on account of his having given such testimony). Plaintiff also alleges he was retaliated against for filing his own grievances. Amended Compl. ¶ 88.

The Third Circuit has previously held that "the termination of prison employment constitutes adverse action sufficient to deter the exercise of First Amendment rights, satisfying

the second element of a retaliation claim at this stage of the litigation." *Wisniewski*, 857 F.3d at 157. Plaintiff alleges Bundy personally fired him from his prison job. Amended Compl. ¶ 60. Plaintiff alleges Wheeler told him "not to get involved with Michael Martin. Wheeler said he got [too] big for his britches and I had to have him put in his place." *Id.* ¶ 61. These facts are sufficient to meet the second and third factors of a retaliation claim for purposes of a motion to dismiss.

## IV.

For the reasons stated above, the motion is granted in part. Plaintiff's complaint will proceed only on his retaliation claims. His access to the courts claims are dismissed without prejudice.

An appropriate order follows.

DATED: Sept 24, 2018

_____
PETER G. SHERIDAN
United States District Judge